Dear Mayor Fontenot:
We received your request for an opinion regarding the use of public funds to assist the children that participate in the little league baseball program operating in the City of New Iberia. There are two little league associations in the City. Each is a private, non-profit corporation. The ballparks used by the leagues are located on private property. The leagues are not at all managed or controlled by the City. However, the league association greatly benefits all of the children that participate.
You question whether the City can provide assistance to the little league associations in any of the following ways:
1. Through the City's Park and Recreation Commission
 2. Through the City's general budget through a lump sum contribution in actual dollars or in-kind services, i.e. paying the utility bills of the associations
Your request must be addressed in light of Article 7, Section 14 of the Louisiana Constitution of 1974 which expressly prohibits the funds, credit, property, or things of value of the state or any political subdivision thereof from being loaned, pledged, or donated to or for any person, association, or corporation. The Louisiana Supreme Court ruled that Article 7, Section 14 is violated whenever the state or one of its political subdivisions seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana MunicipalRisk Agency, 439 So.2d 399 (La. 1983). Our office has interpreted legal obligation to mean that the expenditure of funds be authorized by law. Atty. Gen. Op. Nos. 00-14 and 92-204.
La.R.S. 33:4553 authorizes municipalities to develop and administer recreational programs and facilities through the school board, park board or other existing body, or through a playground and recreation board. As indicated in your request, the City of New Iberia created a Park and Recreation Commission. Section 62-30 of the City's Ordinances provide that the Park and Recreation Commission may recommend to the mayor any form of recreational or cultural activity that will employ the leisure time of the children and citizens of the city in a constructive and wholesome manner. The Commission is funded by an ad valorem tax, general fund monies and program participation fees.
Little League baseball is a recreational activity that will employ the leisure time of the City's children in a constructive and wholesome manner. It is our opinion that the City's Park and Recreation Commission may support or assist the little league program through its own sources of funding. It is clear that such support benefits all of the children that participate in the activity.
Article 7, Section 14B specifically authorizes the use of public funds for programs of social welfare. Our office has consistently opined that there must be some type of objective criteria in place to properly identify those who are needy. See Atty. Gen. Op. Nos. 00-174 and 99-250. Thus, the City of New Iberia may assist those "needy" children who wish to participate in the baseball program provided there is some type of objective criteria used to establish those children who are truly needy.
The City of New Iberia may also consider utilizing the provisions of Article 7, Section 14C of the Louisiana Constitution which authorizes the state and its political subdivisions to engage in cooperative endeavors for a public purpose with governmental agencies, public or private corporations, and/or individuals. Our office has consistently opined that such a cooperative endeavor, to be legally permissible, must be made pursuant to a valid legal obligation; must be for a public purpose; and, it must result in a public benefit which is proportionate to its cost. See Atty. Gen. Op. Nos. 01-0290 and 01-86. Clearly, the City, through its Park and Recreation Commission, may support this type of recreational activity. The associations will provide a little league program for the City's children. Thus, assuming the cost of such is commensurate with the benefit, the City may enter such a cooperative endeavor. See Atty. Gen. Op. Nos. 96-414 and 96-202.
We trust that this adequately responds to your request. If you have any questions, please contact our office. With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ DENNIS C. WEBER First Assistant Attorney General
RPI/DCW
Date Released: May 29, 2002